## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Cynthia A. McWilliams,<br>　　　　Plaintiff,<br>　v.<br><br>York County,<br>　　　　Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | Civil Action No.<br><br>Before the Honorable<br>_____<br><br>Jury Trial Demanded |

## FEDERAL COMPLAINT

### INTRODUCTION

Plaintiff, Cynthia A. McWilliams, by and through her attorneys, **TRIQUETRA LAW ®**, brings this Complaint against Defendant, York County ("the County"), because she was unlawfully terminated from employment. This action is brought pursuant to the Age Discrimination and Employment Act, 29 U.S.C. § 621 *et seq.* (ADEA), and the Pennsylvania Human Relations Act, 43 P.A. 951 *et seq.* (PHRA).

### JURISDICTION

1.　　The jurisdiction of this Court over COUNT ONE of this controversy is based upon federal question jurisdiction pursuant to 28 U.S.C. § 1331

in that this District Court has original jurisdiction of all civil actions arising under the laws of the United States.

2.      The federal law to be enforced in COUNT ONE is the Age Discrimination and Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq*.

3.      The jurisdiction of this Court over COUNT TWO of this controversy is pursuant to 28 U.S.C § 1367(a).

4.      The laws of the Commonwealth of Pennsylvania, specifically the Pennsylvania Human Relations Act ("PHRA"), 43 P.S § 951 *et seq*., applies to COUNT TWO.

## VENUE

5.      Venue is appropriate in this district pursuant to 28 U.S.C. § 1391(b) in that a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

## PARTIES AND AGENTS

6.      Plaintiff Cynthia A. McWilliams ("Ms. McWilliams", "Plaintiff" or "Plaintiff McWilliams") is an adult citizen and resident of Pennsylvania.

7.      Defendant York County ("the County" or "Defendant") is a government unit other than the Commonwealth of Pennsylvania.

8.    Defendant York County is a municipality and County of the Third Class governmental entity.

9.    Defendant York County is an employer within the meaning of the Age Discrimination and Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*

10.   Defendant York County is an employer within the meaning of the Pennsylvania Human Relations Act ("PHRA") 43 P.S § 951 *et seq.*

11.   Defendant York County is the former employer of Ms. McWilliams.

12.   Ms. McWilliams, during her employment by Defendant York County, worked at Pleasant Acres Nursing & Rehabilitation Center ("PANRC").

13.   PANRC operates under the laws of the Commonwealth as a long-term care facility.

14.   During the time Ms. McWilliams was employed by Defendant York County, the County owned and operated PANRC.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

15.   Plaintiff McWilliams was terminated from employment by Defendant County on February 28, 2017.

16.    Plaintiff McWilliams filed a discrimination charge with the EEOC, Charge No. 530-2017-03703 on August 23, 2017.

17.    Plaintiff McWilliams' EEOC Charge was simultaneously dual filed with the Pennsylvania Human Relations Commission ("PHRC") on August 23, 2017.

18.    In order to exhaust claims under federal law, Ms. McWilliams filed her charge with the EEOC within 300 days of being terminated because of her age.

19.    Three hundred days following February 28, 2017 is December 25, 2017.

20.    To exhaust claims under Pennsylvania State law, Plaintiff had to file a charge and request dual filing no later than August 28, 2017.

21.    Plaintiff McWilliams filed her administrative claims within a timely manner pursuant to state and federal law.

22.    After failing to conciliate the charge, the EEOC issued a Notice of Right to Sue on January 13, 2021.

23.    Plaintiff exhausted applicable administrative remedies for her claims.

FACTUAL ALLEGATIONS

## A. PLAINTIFF WAS PROMOTED TO DIRECTOR OF NURSING BY DEFENDANT YORK COUNTY.

24.     Plaintiff McWilliams began her employment with Defendant York County around August 1998.

25.     Plaintiff was initially hired as a Staff Development Coordinator for the York County Nursing Home, the predecessor for what would become known as PANRC.

26.     In approximately March 2001, Plaintiff McWilliams was promoted to Assistant Director of Nursing.

27.     From approximately October 2002 to September 2003, Plaintiff took a brief hiatus from County employment to serve as a Nurse Consultant/Federal Surveyor for the Centers for Medicare and Medicaid Services ("CMS").

28.     Plaintiff returned to her role as Assistant Director of Nursing for PANRC in approximately September 2003.

29.     In March of 2012, Ms. McWilliams was promoted by Defendant to PANRC Director of Nursing ("DON").

30.   Plaintiff served as the Director of Nursing for PANRC for approximately five years.

31.   Plaintiff worked continuously for Defendant at PANRC from approximately September 2003 until Defendant terminated her on February 28, 2017.

32.   In total, Plaintiff Ms. McWilliams was employed by Defendant York County for approximately 18 years.

**B. PLAINTIFF WAS QUALIFIED FOR HER POSITION AS DIRECTOR OF NURSING AT PANRC AND PERFORMED HER JOB IN A SATISFACTORY MANNER.**

33.   Plaintiff, Cynthia McWilliams, is a 57-year-old woman who was born in April 1963.

34.   Plaintiff McWilliams started her employment with Defendant County when she was approximately 35 years-old.

35.    Defendant terminated Plaintiff when she was 53 years-old.

36.   During her tenure as DON at PANRC, Plaintiff did not have any formal performance evaluation.

37.   During her tenure as DON at PANRC, Plaintiff did not receive any employment discipline.

38.    During her tenure as DON at PANRC, Plaintiff did not receive notice of any performance problem (other than what was stated at the time of her termination).

39.    Before her termination, Ms. McWilliams had never been given any indication that her performance was unsatisfactory.

### C. PLAINTIFF'S LONG-TIME SUPERVISOR, MARLIN PECK, WAS TERMINATED FROM PANRC AND REPLACED WITH A SIGNIFICANTLY YOUNGER EMPLOYEE.

40.    During most of her tenure as Director of Nursing, Plaintiff McWilliams reported to the Administrator of PANRC, Marlin Peck.

41.     In December 2016, Mr. Peck, then age 70, was required to retire from the County.

42.    On about December 15, 2016, Ms. McWilliams participated in a conference call of PANRC management where the County announced Mr. Peck's separation from employment.

43.    During this call, the County advised Ms. McWilliams that she would now report to Tammy Hetrick as Ms. Hetrick would be the Acting Administrator.

44.    At the time she replaced Marlin Peck, age 70, in December 2016, Tammy Hetrick was in her late 40s.

45.     After informing the Plaintiff that Mr. Peck had been replaced, a

Human Resources representative of Defendant, Kristy Bixler, told Ms.

McWilliams that she was well respected and valued at the facility.

46.     Plaintiff reported to Ms. Hetrick from this time until the time of

her termination.

### D. DEFENDANT YORK COUNTY FORCED PLAINTIFF MCWILLIAMS TO RESIGN FROM HER POSITION OF DIRECTOR OF NURSING.

47.     On February 28, 2017, Plaintiff McWilliams witnessed Glen

Smith, then County Solicitor, and Mark Derr, County Administrator,

approach Sandy Smith to ask if she would speak with them.

48.     At the time, Sandy Smith served as the Assistant Director of

Nursing.

49.     Because of organization hierarchy, it was unusual for the Solicitor

and the County Administrator to speak with the Assistant Director of

Nursing rather than the Director of Nursing.

50.     After speaking with Ms. Smith, Solicitor Smith and Administrator

Derr approached Plaintiff McWilliams.

51.     Solicitor Smith and Administrator Derr proceeded to take a seat

in Ms. McWilliams office.

52.     Mr. Smith and Mr. Derr told Ms. McWilliams that she was being asked to retire because of the "fines" the facility had incurred over the past few years.

53.     Ms. McWilliams explained that she was not eligible to retire as she was not yet 55 years old and had not yet completed the required 20 years of service.

54.     Disregarding the Plaintiff's response, Solicitor Smith and Administrator Derr handed her a fully drafted "retirement notice" letter and instructed her to sign it.

55.     Under duress, Plaintiff McWilliams signed the letter.

56.     Ms. McWilliams was forced by Defendant York County to resign from her position.

57.     Defendant York County did not give Ms. McWilliams any forewarning about her termination.

58.     At the time of termination, Ms. McWilliams' salary was approximately $87,624.

59.     At the time of her termination, Ms. McWilliams was 53 years old.

### E. PLAINTIFF IS REPLACED WITH A A SIGNIFICANTLY YOUNGER EMPLOYEE WITH LESS EXPERIENCE AND WHO THE COUNTY PAID A HIGHER SALARY THAN PLAINTIFF.

60. After terminating Plaintiff McWilliams, Defendant County initially replaced Ms. McWilliams with an existing employee, Jen Kokta.

61. Jen Cokta was substantially younger than Plaintiff McWilliams.

62. Following the interim replacement, Defendant County permanently replaced Ms. McWilliams with Brandy Coyhill.

63. Brandy Coyhill was 37 years old at the time Defendant hired her to replace Plaintiff McWilliams.

64. Ms. Coyhill was substantially younger and had significantly less experience than Plaintiff McWilliams for the Director of Nursing position.

65. Additionally, upon information and belief, Defendant County paid the substantially younger Coyhill between $94,000-$96,000 per year.

### F. PRETEXT & FURTHER EVIDENCE AGE MOTIVATED DEFENDANT COUNTY TO TERMINATE PLAINTIFF.

66. Around the time Defendant County terminated Plaintiff,

Defendant County had a policy or practice not to terminate an employee

for work performance issues who had not been given a specific amount

of time to improve performance.

67.    Defendant County never put Plaintiff McWilliams on any

performance improvement plan.

68.    Defendant County never gave Plaintiff McWilliams written or

verbal notice of a specified time to improve her alleged unsatisfactory

performance.

69.    Defendant's alleged rationale of terminating Plaintiff due to fines

is pretext.

70.    Evidence tending to show pretext includes:

a.    There was a fine for PANRC for 2014 involving a new
      regulation.

b.    Ms. McWilliams had forewarned the PANRC of a possible
      problem of noncompliance with the new regulation but had
      been told not to be concerned about it.

c.    Defendant did not give Ms. McWilliams the appropriate
      support or means necessary to make the immediate changes
      needed to comply with the new regulation to avoid the
      citation.

d.    Defendant did not raise the issue of this 2014 fine to Ms.
      McWilliams prior to the termination.

e.    In 2015 the PANRC did not have any significant fines.

f.     In 2016, there was one fine related to a resident with an infected pressure ulcer.

g.     Ms. McWilliams encouraged Mr. Peck to file paperwork known as an "Informal Dispute Resolution" or "IDR" to dispute the deficiency regarding this 2016 fine because the ulcer was not preventable.

h.     Ms. McWilliams did not have the authority to file the IDR from Mr. Peck.

i.     No one from Defendant County mentioned this particular fine to Ms. McWilliams or questioned her about it in any way.

j.     As to a November 2016 incident and related fine, the Defendant County prevented Ms. McWilliams from terminating the involved employee before the incident occurred causing the fine.

k.     Ms. McWilliams was able to significantly reduce the fine to less than $10,000.

71.    In approximately February 2017, Defendant County Commissioners hired Complete Healthcare Resources ("CHR"), a management consulting firm.

72.    Upon information and belief, CHR personnel inquired of PANRC staff about the aging of PANRC supervisors and unit managers at PANRC.

73.    Upon information and belief, CHR made this age related inquiry during the same time period that Defendant County took action to terminate Plaintiff.

## JURY DEMAND

74.    Plaintiff herein demands a trial by jury of all issues in this action.

## CAUSES OF ACTION

### COUNT ONE- VIOLATION OF THE AGE DISCRIMINATION EMPLOYMENT ACT- DISCRIMINATION FOR TERMINATION BASED ON AGE 29 U.S.C. § 621 *ET SEQ.*

## McWilliams v. York County

75.    The preceding paragraphs are incorporated herein by reference as if set forth in their entirety.

76.    Plaintiff McWilliams was over 40 years-old (age 53) at the time Defendant County terminated her employment.

77.    Plaintiff McWilliams was qualified for her position as Director of Nursing.

78.    Defendant County terminated Plaintiff on February 28, 2017.

79.    Defendant County replaced Plaintiff with a significantly younger individual, Brandy Coyhill, age 37 at the time.

80.    Plaintiff's age was a determinative factor in Defendant County's decision to terminate her.

81.    Defendants' unlawful and discriminatory termination of Plaintiff McWilliams because of her age and status as an older worker violates the provisions of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 et seq., justifying an award, inter alia, of back pay, front pay, and lost benefits against the Defendant.

82.    Defendant's unlawful and discriminatory termination of Plaintiff McWilliams on account of her age and status as an older worker was a willful violation of the ADEA, justifying an award of liquidated damages under the ADEA.

## COUNT TWO- VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT DISCRIMINATION FOR TERMINATION BASED ON AGE

### 43 P.S § 955 *ET SEQ.*

### McWilliams v. York County

83.    The preceding paragraphs are incorporated by reference as if set forth in their entirety.

84.    Plaintiff is a person over 40, who was qualified for her role as Director of Nursing.

85.    Plaintiff was terminated from her role because of her age.

86.    Plaintiff suffered emotional distress, loss of enjoyment of life, inconvenience, embarrassment, pecuniary losses, and lost earning capacity because of Defendant's discriminatory actions.

WHEREFORE, **Plaintiff respectfully prays for judgment against York County as follows:**

a.  For a declaratory judgment that Defendant's actions complained of herein violate the ADEA, and the PHRA;

b.  For injunctive and equitable relief prohibiting Defendant from engaging in discriminatory practices;

c.  For a money judgment including monetary damages, including back pay and benefits and front pay and benefits;

d.  For a money judgment including monetary damages for compensatory damages for the violations of the PHRA;

e.  For a money judgment including liquidated damages for willful violations of the ADEA;

f.  For pre-judgment interest;

g.  For reasonable attorneys' fees, expert witness fees, and the costs and expenses of this litigation; and

h.  For such other legal and equitable relief as the Court may deem just and proper.

Dated: <u>April 11, 2021</u>

ᚦ **TRIQUETRA LAW ®**
Respectfully submitted,

_Andrea C. Farney (signature)_

Andrea C. Farney
PA ID 204317
35 East Orange Street, Suite 301
Lancaster, PA  17602
(717)  299-6300 (Telephone)
(717)  299-6338 (Fax)
Farney@TriquetraLaw.com